UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WASHINGTON MUTUAL BANK,

   Plaintiff,

  v.

NMSBPCSLDHB, et al.,

   Defendants.

_____/

No. C 07-0280 PJH

**ORDER DENYING MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY**

  Defendant's motion to dismiss plaintiff's complaint or in the alternative, to stay the action on Brillhart abstention grounds, came on for hearing before this court on December 19, 2007. Plaintiff, Washington Mutual Bank ("plaintiff"), appeared through its counsel, Anna S. McLean and Peter S. Hecker. Defendant NMSBPCSLDHB ("defendant"), appeared through its counsel, Jeffrey G. Huron. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion, for the reasons stated at the hearing, and summarized as follows.

  In view of plaintiff's removal of defendants' state court complaint on diversity grounds, and its subsequent relation to the instant declaratory judgment action, no parallel state court action is actually pending at this juncture. Defendants argue that, notwithstanding an absence of a parallel proceeding currently pending, such a proceeding *will* be pending in future. Specifically, defendants propose either dismissing the related action and re-filing it in state court with a proper claim against a California defendant (defendants concede that diversity jurisdiction over the related complaint is established on fraudulent joinder grounds), or seeking remand of the related action in the event the court

were to dismiss the instant action. Defendants have also proposed seeking leave of court to amend the related action in order to re-state a valid claim against the California defendant first, at which point defendants could *then* seek remand to state court. Regardless whether any of these actions would ultimately destroy diversity jurisdiction and require a pending state court proceeding, however, *all* of these options are speculative at this point. Moreover, the parties have been diligently prosecuting the instant action before the court, and dispositive motion briefing is complete. In essence, then, defendants are seeking dismissal or a stay of an action that is ready for consideration on the merits, based on no more than their promise that future parallel state court proceedings are forthcoming, which *might* properly avoid federal subject matter jurisdiction.

Under this scenario, the court is unpersuaded that Brillhart abstention is either warranted or advisable. See, e.g., Gov't Employees Ins. Co. v. Dizol, et al., 133 F.3d 1220, 1225 (9th Cir. 1998)(Brillhart abstention depends on consideration of three factors: first, the "needless determination of state law issues;" second, whether a declaratory action has been filed as a means of forum shopping; third, the need to avoid duplicative litigation). First, it is unclear that the court will be avoiding the needless consideration of state law issues by abstaining from judgment in the instant action, since the pending related action currently states a proper basis for subject matter jurisdiction on diversity grounds, and therefore requires this court's consideration. Second, the court finds no basis for concluding that plaintiff has engaged in impermissible forum shopping by virtue of filing the instant declaratory judgment action. Indeed, the court finds *defendants*' state court action, filed more than 10 months after the present action was filed, more worthy of suspicion in this regard. Finally, the court will not avoid duplicative litigation at this juncture, by abstaining from judgment in the present case. For as already stated, the court's jurisdiction over both the present action and the related action is currently proper. And since the cases are related, the court is in a position to consolidate and/or streamline the litigation of both.

In sum, and for all the above reasons, the court DENIES defendants' motion to

dismiss the instant declaratory judgment action or in the alternative, to stay it. Rather, the court will proceed to hear and determine the pending dispositive motion. Accordingly, the parties are hereby notified that plaintiff's motion for summary judgment will be heard on **January 30, 2008**, during the court's regular law and motion calendar. The motion to dismiss currently scheduled for that same date, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: December 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge